Robinson, J.
In the fall of 1917 the electors of the school district of the city of Youngstown authorized a levy of one mill, for a period of five years, under the provisions of Sections 5649-5, 5649-5a and S649-5&, General Code, and in the fall of 1920 the electors of the same school district authorized a levy to the extent of two mills for one year under the provisions- of Sections 5649-4, 5649-5 and 5649-5a, General Code.
On the first Monday in June, 1920, the board of education of the school district submitted to the budget commission its annual budget for the year 1921, setting forth in itemized form an estimate of the amount of money needed for its wants for the incoming year. Both of the special levies authorized by a vote of the electors, the one in 1917, of one mill, and the one in 1920, of two- mills, were included in the estimates submitted by the board of education, the action of the budget commission having been deferred until after the election November 2 upon the two-mill levy for the 1921 budget.
The budget commission claimed the right to and did reduce the budget of the board of education, and made the following levies:
*273 Within 3 mill limitation of the 10 mill limitation ............... 2.2
School levy outside of 10 mills and within 15 mills........... .3
School levy outside of 15 mill limitation ..................... 2.
Total levy for school purposes... 4.5
It thus eliminated the one mill authorized by the electors in 1917, for the reason, as by it claimed, that the levy of one mill authorized in 1917 and the levy of two mills authorized in 1920 are not cumulative.
The original action below was one in mandamus to compel the plaintiff in error budget commission to include in the levies of the board of education, in addition to the levies made, the one mill authorized by the electors of the taxing district in 1917.
The cause was heard i.n the court of common pleas upon the pleadings and the evidence, and the writ was allowed and issued. Upon error to the court of appeals the judgment of the court of common pleas was affirmed.
The brief in behalf of the plaintiffs in error states that two questions are presented to this court for determination:
“1. Whether the levies authorized by a vote of the people of one mill in the city of Youngstown in 1917, under Sections .5649-5, 5649-5a and 5649-5b, General Code, and two mills in 1920 under the pro *274 visions of Sections 5649-4, 5649-5 and 5649-5a, referred to in the prosecuting attorney’s brief at page 2, are cumulative.
“2. If such levies are cumulative, has the budget commission any control over the one mill levy made in 1917.”
The conflict of power and authority between the board of education and budget commission. grows out of their different interpretation of the various sections authorizing the county, township, city and school authorities to provide by taxation the necessary funds for the operation of the government of the state and the respective geographical subdivisions thereof, and at the same time requiring them to keep within a fixed limitation of tax rate.
In 1910 the legislature enacted what was then known, and has since been known, as the “Smith One Per Cent Law,” by which it was attempted to limit the taxing authorities to the levy of a tax of one per cent, upon a dollar valuation, for all purposes, state, county, municipal and school. It early having been discovered, if indeed it was not at the time well known, that such limitation would not permit the raising of sufficient funds to operate the government of the state and its various subdivisions, the attempt has since repeatedly been made to retain the law in name but permit such exceptions to its application as would enable the taxing authorities to raise sufficient funds to operate the various functions of government, and it is this indirect course of legislation with reference to taxation that has brought about a general situation, similar to the one at bar, wherein the various .offi- *275 ciáis are unable to determine from a reading of the statute their power and authority thereunder; and indeed this court after a careful and exhaustive study and comparison of the statutes with' reference to taxation is'unable to determine with any degree of certainty the intention of the legislature with reference thereto.
The levy authorized in 1917 by a vote of the electors, as well as the levy authorized in 1920 by a vote of the electors, were under favor of Section 5649-5, General Code, which provides:
“Any board of education may, at any time, by a majority vote of all the members elected or appointed thereto, declare by resolution that the amount of taxes that may be raised by the levy of taxes at the maximum rate authorized by sections 5649-2 and 5649-3 of the General Code as herein enacted within its taxing district, will be insufficient and that it is expedient to levy taxes at a rate, in excess of such rate and cause a copy of such resolution to be certified to the deputy state supervisors of the proper county. Such resolution shall specify the amount of such proposed increase of rate above the maximum rate of taxation and the number of years not exceeding five during which such increased rate may be continued to be levied.” Section 5649-5a provides the manner of the submission of the proposed increase of rate above the maximum rate.
Section 5649-55 provides:
“If a majority of the electors voting thereon at such election vote in favor thereof, it shall be law *276 ful to levy taxes within such taxing district at a rate not to exceed such increased rate for and during the period provided for in such resolution, but in no case shall the combinéd maximum rate for all taxes levied in any year in any county, city, village, school district, or other taxing- district, under the provisions of this and the two preceding sections and sections 5649-1, 5649-2 and 5649-3 of the General vCode as herein enacted, exceed fifteen mills.”
It will be noted that Section 5649-4 is not included among the sections controlled by the fifteen-mill limitation.
The increased levy authorized by the vote of the electors in 1920 was also under favor of the same sections, but between the vote of 1917 and the vote of 1920, to-wit, on February 4, 1920, Section 5649-4, General Code, had been amended (108 O. L., pt. 2, 1306) so as to read,'“For the emergencies mentioned in sections forty-four hundred and fifty, forty-four hundred and fifty-one, fifty-six hundred and twenty-nine, and 7630-Í of the General Code, and for local school purposes authorised by a vote of the electors under the provisions of sections 5649-5 and 504p~5a of the General Code, to the extent of three mills for such school purposes, the taxing authorities of any district may levy a tax sufficient to provide therefor irrespective of any of the limitations of this chapter.”
Thus, since this amendment of 1920, a levy to the extent of three mills authorized under Sections 5649-5 and 5649-5a, General Code, is made an emergency, in a class with epidemics under Sec *277 tions 4450 and 4451, the destruction by fire of a county infirmary building or children’s home building under Section 5629, and the destruction of a school building by fire under Section 7630-1, and is taken out of the limitations of Sections 5649-2 and 5649-5b, General Code, and all other limitations of Title I, Chapter 12, Part Third of the General Code. So that the board of education was authorized by the vote of the electors in 1920 to increase its tax levy to the extent of two mills, even though such increase would require the aggregate levy for state, county, municipal, township and school purposes to exceed the fifteen-mill limitation by such amount, which by the provisions of Section 5649-3a was an item over which the budget commission had no control. That section provides in part: “The local tax levy for all school purposes shall not exceed in any one year three mills on the dollar of valuation of taxable property in any school district. Such limits for county, township, municipal and school levies shall be exclusive of any special levy, provided for by a vote of the electors, special assessments, levies for road taxes that may be worked out by the taxpayers, and levies and assessments in special districts created for road or ditch improvements, over which the budget commissioners shall have no control
This provision is alike applicable to the special levy provided for by a vote of the electors in 1917, and if the special levy provided for by the vote of the electors in 1920 was cumulative to the special levy provided for by the vote of the electors in *278 1917 the three mills thus provided for would be by virtue of this section of the statute withdrawn from the jurisdiction of the budget commission to modify.
Section 5649-5, General Code, provides: “Any board of education -may, at any time * * * declare by resolution that the amount of taxes that may be raised by the levy,of taxes at the maximum rate authorized by sections 5649-2 and 5649-3 of the General Code * * * will be insufficient and that it is expedient to levy taxes at a rate, in excess of such rate,” etc.
Section 5649-2, of the General Code, referred to, provides that the taxes that may be levied in any school district shall not in any one year exceed ten mills on each dollar except as otherwise provided in Section 5649-4 and Section 5649-5.
In determining, then, whether the levy of two additional mills authorized by the electors in 1920 was in addition to the' aggregate amount of the* ten-mill limitation provided for in Section 5649-2, or whether it was in addition to the tén-mill limitation therein provided, plus the special levy authorized by the vote of the electors in 1917, it becomes necessary to consider the provisions of Section 5649-2^ General Code, for clearly if Section 5649-2 definitely and finally fixes the limitation at ten mills then the special levy would be in addition thereto, and would exclude the special levy authorized in 1917. But Section 5649-2 specifically says “Except as otherwise provided in section 5649-4 and section 5649-5.” Section 5649-4 is the section *279 which makes levies “for local school purposes authorized by a vote of the electors” an emergency and takes such levies to the extent of three mills out of all limitations, and Section 5649-5 is the section which provides for an increase of rate above the ten-mill limitation. Section 5649-2, therefore, by reference, includes Sections 5649-4 and 5649-5, which leads us to the conclusion that the legislature in the use of the term “maximum rate” authorized by Section 5649-2 contemplated the rate fixed by the legislature plus such rate as had been authorized by a vote of the electors under the provisions of Section 5649-5, and that the special levy authorized by the vote of the electors in 1920 was therefore cumulative and the two levies thus authorized, amounting' to three mills, were special levies provided for by a vote of the electors, over which the budget commission had no control.
That it was the intention of the electors that these two special levies should be cumulative is apparent from the fact that the authorized levies are for different durations of time, the one being for five years and the other for but one, and. from the further fact that if not cumulative the special levy voted in 1920 would not authorize the board of education to raise any more money than it was already authorized to raise. Since the legislature by Section 5649-5 placed the responsibility for the authorization of an additional levy up to three mills upon the electors, it would seem that the intention of the electors where ascertainable should control.
*280 We have no trouble in arriving at the conclusion that it was the intention of the electors that these special levies should be cumulative.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker and Matthias, JJ., concur.
Jones, J., took no part in the consideration or decision of the case.